UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

EMPLOYERS MUTUAL CASUALTY
COMPANY

VERSUS

FIVE STAR INDUSTRIAL, LLC, ET AL.

CIVIL ACTION

NO. 18-1015-SDD-EWD

**NOTICE AND ORDER**

On November 15, 2018, Plaintiff, Employers Mutual Casualty Company ("EMC") filed a Complaint for Declaratory Judgment Pursuant to 28 U.S.C. § 2201 (the "Complaint") against the following defendants: (1) Five S Industrial, LLC; (2) Five Star Industrial, LLC; (3) J. Lawton Company, LLC; and (4) William B. Lawton Family Limited Partnership.[1]

Per its Complaint, EMC alleges that it issued various insurance policies to Five S Industrial, LLC and Five Star Industrial, LLC (collectively, the "Five Star Defendants"). EMC alleges that J. Lawton Company, LLC and the William B. Lawton Family Limited Partnership (collectively, the "Lawton Defendants") sued the Five Star Defendants in state court for damages allegedly sustained due to "tortious conduct" and breach of "Borrow Site Agreements" which required the Five Star Defendants to properly evaluate and remediate the Lawton Defendants' property (the "State Court Action").[2] Per its Complaint, EMC seeks a declaration that under the commercial general liability policies issued by EMC to the Five Star Defendants, EMC does not owe the Five Star Defendants duties of defense or indemnity.[3] Alternatively, in the event that it is determined that EMC owes any insurance coverage or protection to the Five Star Defendants, EMC seeks a

---

[1] R. Doc. 1.

[2] *See also*, R. Doc. 1-6.

[3] R. Doc. 1, ¶¶ 19-59.

1

declaration that the limits of EMC's umbrella policy are, at most, $4,000,000.00, rather than $5,000,000.00.[4]

EMC asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 "as the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs."[5]

With respect to the citizenship of the parties, EMC alleges that it "is an insurer organized and existing under the laws of the State of Iowa, with its principal place of business in Des Moines, Iowa."[6] Assuming EMC is a corporation, this is an adequate allegation of EMC's citizenship.[7]

With regard defendants, EMC alleges that "Five S Industrial, LLC, is a Louisiana limited liability company with its principal place of business in Baton Rouge, Louisiana,"[8] "Five Star Industrial, LLC, is a Louisiana limited liability company with its principal place of business in Baton Rouge, Louisiana,"[9] "J. Lawton Company, LLC, is a Louisiana limited liability company with its principal place of business in Lake Charles, Louisiana,"[10] and "[u]pon information and belief, Defendant, William B. Lawton Family Limited Partnership, is a Texas limited partnership with its principal place of business in Lake Charles, Louisiana."[11] These are insufficient

---

[4] R. Doc. 1, ¶¶ 60-66.

[5] R. Doc. 1, ¶ 6. In declaratory judgment actions, "[t]he amount in controversy…is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998). Here, although there is no indication regarding the amount sought under EMC's insurance policies, in light of EMC's alternative relief for a declaration that its policies insure up to $4,000,000 rather than $5,000,000, the undersigned has not required additional information regarding the amount in controversy at this time.

[6] R. Doc. 1, ¶ 1.

[7] In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

[8] R. Doc. 1, ¶ 2.

[9] R. Doc. 1, ¶ 3.

[10] R. Doc. 1, ¶ 4.

[11] R. Doc. 1, ¶ 5.

allegations of defendants' citizenship. To properly allege the citizenship of a limited liability company or other type unincorporated association, a party must identify each of the members of the association and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[12] The same requirement applies to any member of a limited liability company or other type of unincorporated association which is also a limited liability company or unincorporated association.[13] EMC's allegations of the citizenship of Five S Industrial, LLC, Five Star Industrial, LLC, J. Lawton Company, LLC, and William B. Lawton Family Limited Partnership fail to set out the members of each entity and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).

Accordingly,

**IT IS HEREBY ORDERED** that Employers Mutual Casualty Company shall file, within fourteen (14) days of this Notice and Order, a Motion to Substitute its Complaint for Declaratory Judgment Pursuant to 28 U.S.C. § 2201 with a comprehensive Complaint that adequately alleges the citizenship of: (1) Five S Industrial, LLC; (2) Five Star Industrial, LLC; (3) J. Lawton Company, LLC; and (4) William B. Lawton Family Limited Partnership. No further leave of court is required to file the Motion to Substitute.

Signed in Baton Rouge, Louisiana, on November 30, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); 13F Fed. Prac. & Proc. Juris § 3630.1 (3d ed.) ("whenever a partnership, a limited partnership, a joint venture, a joint stock company, a labor union, a religious or charitable organization, a governing board of an unincorporated institution, or a similar association brings suit or is sued in a federal court, the actual citizenship of each of the unincorporated association's members must be considered in determining whether diversity jurisdiction exists.") (internal citations omitted).

[13] *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).