UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

EMPLOYERS MUTUAL CASUALTY
COMPANY

VERSUS

FIVE STAR INDUSTRIAL, LLC, ET AL.

CIVIL ACTION

NO. 18-1015-SDD-EWD

## NOTICE AND ORDER

On November 15, 2018, Plaintiff, Employers Mutual Casualty Company ("EMC") filed a Complaint for Declaratory Judgment Pursuant to 28 U.S.C. § 2201 (the "Complaint") against the following defendants: (1) Five S Industrial, LLC; (2) Five Star Industrial, LLC; (3) J. Lawton Company, LLC; and (4) William B. Lawton Family Limited Partnership.[1] On November 30, 2018, Employers Mutual Casualty Company was ordered to file a Motion to Substitute its Complaint with a comprehensive complaint that adequately alleges the citizenship of: (1) Five S Industrial, LLC; (2) Five Star Industrial, LLC; (3) J. Lawton Company, LLC; and (4) William B. Lawton Family Limited Partnership.[2]

On December 12, 2018, EMC filed a Motion to Substitute Amended Complaint for Declaratory Judgment for, and in place of, Original Complaint for Declaratory Judgment (the "Motion to Substitute").[3] Per the proposed substitute complaint (R. Doc. 13-1), EMC adequately alleges the citizenship of the members of Five S Industrial, LLC and Five Star Industrial, LLC.[4] However with respect to J. Lawton Company, LLC, EMC's proposed citizenship allegation only

---

[1] R. Doc. 1.

[2] R. Doc. 8.

[3] R. Doc. 13.

[4] *See*, R. Doc. 13-1, ¶¶ 2-3.

1

sets out the "managers" of the limited liability company.[5]  Likewise, with respect to the William B. Lawton Family Limited Partnership, EMC's proposed citizenship allegation only sets out the "managers" of WTD, LLC, an entity alleged to be an "officer, director, member, general partner, or manager" of the William B. Lawton Family Limited Partnership.[6]  Moreover, with respect to the William B. Lawton Family Limited Partnership, EMC indicates that two of the members of the partnership may be trusts.[7]  However, EMC does not allege the citizenship of either trust.

As explained in the November 30, 2018 Notice and Order, to properly allege the citizenship of a limited liability company or other type unincorporated association, a party must identify each of the members of the association and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[8]  The same requirement applies to any member of a limited liability company or other type of unincorporated association which is also a limited liability company or unincorporated association.[9]  The identity of "managers" is not necessarily synonymous with the identity of the members of J. Lawton Company, LLC and WTD, LLC. Additionally, to the extent any trust is a member of one of the William B. Lawton Family Limited Partnership, EMC must adequately allege the citizenship of the trust.[10]

---

[5] R. Doc. 13-1, ¶ 4.

[6] R. Doc. 13-1, ¶ 5(a), n. 4

[7] Specifically, EMC notes that it assumes "Evelyn Gay Lawton Duhon Children" and "Linda Lew Lawton Drost Children" are "trusts set up for the benefit of the named children."  R. Doc. 13-1, ¶ 5(g)-(h), n. 5.

[8] *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); 13F Fed. Prac. & Proc. Juris § 3630.1 (3d ed.) ("whenever a partnership, a limited partnership, a joint venture, a joint stock company, a labor union, a religious or charitable organization, a governing board of an unincorporated institution, or a similar association brings suit or is sued in a federal court, the actual citizenship of each of the unincorporated association's members must be considered in determining whether diversity jurisdiction exists.") (internal citations omitted).

[9] *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civil Action No. 06-88, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).

[10] *See*, *Algiers Development District v. Vista Louisiana, LLC*, Civil Action No. 16-16402, 2017 WL 121127, at * 3 (E.D. La. Jan. 12, 2017) ("In *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S.Ct. 1012 (2016), the Supreme Court of the United States established that, if a trust itself is suing or being sued, its citizenship for diversity jurisdiction

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Substitute Amended Complaint for Declaratory Judgment for, and in the place of, Original Complaint for Declaratory Judgment[11] is **DENIED**.

**IT IS FURTHER ORDERED THAT** that Employers Mutual Casualty Company shall file, within fourteen (14) days of this Notice and Order, a Motion to Substitute its Complaint for Declaratory Judgment Pursuant to 28 U.S.C. § 2201 with a comprehensive Complaint that adequately alleges the citizenship of: (1) Five S Industrial, LLC; (2) Five Star Industrial, LLC; (3) J. Lawton Company, LLC; and (4) William B. Lawton Family Limited Partnership by setting out the citizenship of each entity's members. No further leave of court is required to file the Motion to Substitute.

Signed in Baton Rouge, Louisiana, on December 17, 2018.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

purposes depends on the type of trust. If it is a traditional trust, its citizenship is determined by the trustee's citizenship. However, if it is a business entity, the trust's citizenship is determined by the citizenship of all of its members.") (internal citations omitted).

[11] R. Doc. 13.